Our fourth case this morning is Richards v. Par. May it please the Court, Adina Rosenbaum on behalf of Appellant Nicole Richards. The Fair Debt Collection Practices Act prohibits debt collectors from engaging in self-help repossession if they lack the present right to possession of the property claimed as collateral. In this case, Lawrence Towing lacked the present right to possess the collateral when it repossessed Ms. Richards' vehicle. Once there was a breach of the peace, Lawrence Towing lost the right to take possession of the collateral. It was required to desist. Nonetheless, it went ahead with its repossession, and that repossession fits precisely within the conduct prohibited by the FDCPA, section 1692 F6A, and is exactly the type of repossession that that provision is aimed at. It's my understanding that the Illinois courts interpret this repossession statute, and in particular the provision that deals with repossession without judicial process and breaches of the peace, the courts interpret that very broadly, it doesn't matter which side breaches the peace. Is that right? Yes. Once there is an objection to the repossession, then any continued repossession breaches the peace. And that happened here. Ms. Richards objected to them taking her car without a court order. And so there was a breach of the peace when the defendants went on to take possession of the car. And then there were further things that were done that escalated that breach of the peace. There was the threat, we can do this the hard way, or we can do this the easy way. And then they eventually called the police to aid them in their repossession, who ended up eventually handcuffing Ms. Richards. So under Indiana law, at what point was the peace breached? The peace was breached when they continued with their repossession after her objection to them taking her vehicle. And is it your understanding under Indiana law that once there is a breach of peace in that kind of a self-help repossession effort, does that permanently foreclose self-help so that you need then to go to court? The language in the cases on this say that they have to desist and seek an order in the court. And that's not what they did here. Instead, what they did here was they went ahead with their repossession, even though they did not at that time have that right to take possession of the collateral. Given the specific provisions of section 1692 F6A, does 1692 D or 1692 E add anything to your case? Our case is only under 1692 F6A. So the defendants have argued here that they did have the right to take possession of the collateral of interest, and the security agreement allowed the secured party to take possession after a default. But a security agreement on its own doesn't delineate the full scope of the secured party's rights. Laws also affect rights. And in particular here, where we're talking about property rights, the present right to possession of the collateral, state law plays a particularly large role in delineating the scope of secured party's rights. Right. And in Indiana, and I think I misspoke before when I said Illinois, in Indiana as elsewhere, the right to repossess is not just a function of the contract, that's a necessary condition obviously, the lien, but also whatever requirements state law imposes for conducting the repossession, as I understand the state law? Yes. And it's, there are the conditions for conducting the repossession, but then under the state law, once there is a breach of the peace, there is no longer that right to take possession of the collateral at that moment. So the court told that that breach of the peace extinguishes the right to proceed without judicial process, and you've got to go to court. Exactly. Okay. Exactly. So whatever right existed, it's no longer there once the breach occurs. Exactly. So they don't have the right to take possession of that collateral once there is that breach of the peace. They still have their lien, they still have their rights as a creditor, but not an immediate, not a right to immediate possession, is that right? Exactly. And I think that that word present in section 1692 F6A is important because in order to be able, in order to comply with F6A, the debt collector has to have that present right to possession of the collateral. The defense has argued that, in essence, we shouldn't treat the FDCPA here as a supplemental remedy for a violation of state law. If we don't look to state law to answer this question, where would we look? I think it is state law that determines the property rights and whether a secured party or someone seeking to enforce a secured party's interests has that present right to possession of collateral. Isn't there something problematic about having a federal statute be that elastic that it would depend upon state interpretation before it would control? No, it's not unusual for provisions of the FDCPA to depend on the answers to predicate state law questions. For example, this court has held that it violates the FDCPA for a debt collector to file an action to collect on a time-barred debt. A claim based on the debt collector having filed a state collection action outside the statute of limitations will necessarily depend on the state law statute of limitations. There may be state law ramifications, there will be state law consequences for filing outside the statute of limitations. But that doesn't turn the FDCPA claim into an improper attempt to enforce state law. FDCPA provisions often depend on answers to predicate state law questions to determine elements of the federal violation. And what Ms. Richards' FDCPA claim is based on is the violation of a federal prohibition, which is the prohibition expressly stated in section 1692 F6A on debt collectors engaging in self-help repossession when they lack the present right to possession of the collateral. And so that again does not, it is a federal violation and the fact that state law informs whether there is a present right to possession does not turn that federal violation into one seeking to enforce state law. Unless the court has any other questions, I would like to reserve the remainder of my time for rebuttal. That's fine. Thank you. Mr. Goldstein. Good morning, Your Honors. Robert Goldstein on behalf of the defendants. I just want to start off by noting that most of the discussion, the argument from the appellant concerned all of state law and what happens under a breach of peace under a repossession action and there's quite a bit of discussion of what state law talks about as far as remedies and everything. And that really is the point here. State law already provides a remedy for what they are asking. State law. And so does federal law. I mean, is it your position that in applying 1692 F6A, we should look to some source of federal common law property rights to find a present right of possession? Under the security agreement, I think the best reference is the statute itself and that's what I'm talking about is exactly the language in the statute itself which states the following conduct is a violation of the statute of the section taking or threatening to take any non-judicial action to affect dispossession or disabling a property of A, there is no present right to possession of the property claimed as collateral through an enforceable security interest. There was an enforceable security interest that was present. Was there a present right of possession once there was a breach of the peace? There was a present right of possession. Yeah, there was still a present right of possession as defined under the federal statute. How do you get that? Because they had the security agreement in place, they had the opportunity at that point. After the breach of peace, how is there a present right of possession? Your Honor, the statute here is specifically directed, this of the Fair Debt Collection Practices Act, specifically focuses on repossession. This is the only section that talks about this type of thing. That language talks about what is necessary to proceed with non-judicial foreclosure. In order to get anywhere in this case, now we're referencing Indiana law as far as breach of peace, as far as what the remedies are, and there's already a statute which they could have brought the action under in the first instance. And the two cases we talked about in our brief, both the Bellin case and the case of Nadelin, I think are instructive on this whole point. And the example that was given in Nadelin by Judge Posner was where there was no longer a present right of possession, where a debtor, the example that was given was the debtor had two cars, a Ford and a Buick. The creditor has a security interest in the Buick, but not the Ford. And so the debtor decides, or the debt collector decides to execute on both the Ford and Buick to press for payment. And that, in that situation, the creditor or debt collector did not have a present right of possession, obviously, in the other vehicle where there's no security interest. I think that's the way to answer that question, Your Honor. And I think under the statute, we have a situation that spells out under the federal statute when the nonjudicial process is afforded to a debt collector, in this case, Huntington Bank. And in the situation we have right now, the statute does talk about two things that need to be present, and one is the enforceable security interest in a present right to possession. The only way we ever get into anything other than that statute, we have to go back to Indiana law. We have to look at all the requirements for maintaining a breach of peace case involving a repossession situation. That passage from Nadelin just refers to a necessary condition for repossession, which is the security interest. It's not conclusive on what else the statute, the federal statute requires. The decision isn't speaking about a present right to possession. It was speaking about a situation or the hypothetical that you're referring to, which is purely a hypothetical in the opinion, has to do with the necessary condition of a security interest. And that there had to be a security interest? Right. That's not what we're talking about here. We're talking about the part of the statute that requires a present right of possession. But again, Your Honor, that... The security interest is a necessary but not sufficient condition under the statute. Well, the security interest is the requirement under the repossession statute.  There also must be a present right to possession. And they did have, based on the testimony from the lower court, Ms. Richards did testify that she did not make the payments, that the security agreement was in place at the time. Counsel, is there a dispute about whether there was a breach of peace in the encounter late at night at Ms. Richards' home? Is there a dispute? Is there a dispute about whether a breach of peace occurred? I believe you could... Yes, there's an argument whether a breach of peace occurred or who instituted a breach of peace. No, not who instituted it. Whether a breach of peace occurred when the repossession agents were threatening her with arrest and brought the police to the scene. Well, there's actually a factual dispute of the events, whether there's a breach of peace that occurred. That would be, on the face of the facts that we know right now, that would be a breach of the peace. Okay. Did you argue in opposition to plaintiff's motion for summary judgment as to liability that there was no breach of the peace? That was not subject of the motion. The motion was solely focused on the implementation of the Federal Debt Collection Practices Act. Which depends on whether there was a breach of the peace. So okay, you didn't make that argument in the district court. We did not make that argument. Okay, thank you. There was no argument. Could you, counsel, could you also address, I mean, the plaintiff collected cases from all over the country, and as near as I can tell, it's about umpteen to two among district courts dealing with this problem under the section 1962, 1692 F6A. I just wonder if you could address that weight of authority. Well, first of all, that authority that was referenced is not this circuit. It's not Seventh Circuit. The cases that they have relied upon, which were identified, there are numerous cases, but they also involve other sections of the FDCPA. I guess that's the best way I can address it. I mean, those cases do not specifically talk about our situation in a repossession setting. I thought it was pretty clear that they did, but okay. I wanted you to have an opportunity to address them. Those cases, not in this particular setting, Your Honor, with all due respect. Okay. But in this particular statutory subsection, there is a requirement of a present right to possession, and I did not hear an answer to Judge Hamilton's question about whether you think or you're arguing that the determination of whether there is a present right to possession is a matter of federal common law, and if so, what that is, or if we must, of necessity, look to state law to determine present right to possession. There was no actual federal common law that we were able to locate on. So how do we determine whether there's a present right of possession for purposes of assessing a violation of subsection 6A? My suggestion, Your Honor, and this is what we argued below, was actually the terms of the security agreement and when the present right of possession existed by the security agreement itself. And how does that flow from statutory text? How does that answer flow from the statutory text, which requires a present right to possession as well as an enforceable security interest? Well, the security interest itself creates the present right of possession under its terms. And so under the terms of the security agreement, that's what we're... So this statute overrides federal law or disregards state law for purposes of the FDCPA remedy. I'm not saying that, Your Honor. I'm saying that the remedy is not under the statute. The remedy is not under the statute, Your Honor. It just doesn't apply. The remedy is under the Indiana law regarding breach of peace and claims for breach of peace under the repossession situation. There's a statute directly on point. Well, your argument seems to me to read the statute to say that what's prohibited is threatening to take or taking nonjudicial action to repossess if there is a present right of possession in the property under the security interest. That what's prohibited is taking the property when there is no present right to possess under the terms of the security interest. And that is not what the statute says. Well, the statute talks about... It doesn't refer only to the terms of the security interest. The security agreement, which defines, which is what's required to be in place to have the present right of possession in the first instance. And I'd say that I'm out of time, Your Honor. I would request that the Court confirm the District Court's decision on this. Thank you. Thank you. Ms. Rosenbaum. Thank you. In enacting Section 1692 F6A, Congress decided that it should be a violation of federal law for a debt collector to engage in the abusive debt collection practice of taking property through self-help repossession absent a present right to possession of that collateral. The security agreement on its own does not determine whether a secured party or someone enforcing a security interest on its behalf has that present right to possession. State law also affects that. Here, the state law is the law governing secured parties' right to take possession after a default. And under that law, the defendants here no longer had the present right to possession of the collateral once there was a breach of the peace. We ask the Court to hold that where state law deprives a party, a debt collector of the right to take possession of collateral, that it does not have the present right to possess the collateral under 1692 F6A and to reverse the grant of summary judgment in favor of the defendants in this case. In addition, because the state law claims were dismissed solely based on the erroneous judgment on the federal claim, we ask that the Court reverse the dismissal of the state law claims as well. Am I remembering correctly you all cross-moved for summary judgment? We did not cross-move for summary judgment in the case. There was only the defendant's motion. I apologize to counsel. No wonder you were confused about my question about the summary judgment. Never mind. Okay, thank you. Thank you very much. Thank you. Our thanks to all counsel. The case is taken under advisement.